**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OTAY HYDRAULICS, INC., | No. 13-55016 |
| Plaintiff - Appellee, | D.C. No. 2:12-cv-07357-ODW-VBK |
| v. | |
| SAFETY-KLEEN SYSTEMS, INC., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Submitted February 6, 2013[**]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

After this putative class action was filed in California state court, the defendant

filed a notice of removal, alleging diversity jurisdiction under 28 U.S.C. § 1332(d)(2).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court *sua sponte* remanded the case to state court because no individual plaintiff's claim exceeded $75,000. We have jurisdiction over the defendant's appeal of the remand order under 28 U.S.C. § 1453(c)(1).

1.  Under 28 U.S.C. § 1332(d)(2), the district courts have original jurisdiction over class actions in which at least one plaintiff is a citizen of a different state than any defendant and in which the amount in controversy exceeds $5,000,000. This provision, part of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4, does not require that any putative class member's claim exceeds $75,000. In contrast, 28 U.S.C. § 1332(d)(11)(B)(i), the CAFA provision governing "mass actions," does require that at least one plaintiff's claim exceeds $75,000. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006) (per curiam). The parties correctly agree that the district court erred by applying the jurisdictional requirements for a mass action to this class action.

2.  The plaintiff argues that the remand order should nonetheless be affirmed because the amount in controversy does not exceed $5,000,000. Defendant argues to the contrary. Because the district court has never considered those arguments in the first instance, they may be directed to that court on remand.

We VACATE the district court's order and REMAND for further proceedings consistent with this memorandum.